**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **BRANDON PITTMAN et al.,** | * |
| Plaintiffs, | * |
| v. | Case No.: GJH-18-2425 |
| | * |
| **DEUTSCHE BANK NAT'L TRUST CO. et al.,** | |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Brandon Pittman and Thomas Alston, proceeding *pro se*, initiated this civil action in the Circuit Court for Prince George's County, Maryland, alleging that Defendants Deutsche Bank Nat'l Trust Co., Ocwen Loan Servicing, LLC, and Altisource Solutions, Inc. trespassed on and wrongfully evicted them from a leased property in violation of various Maryland laws. ECF No. 1-1. After Defendants removed the case to this Court, ECF No. 1, Plaintiffs amended their Complaint. ECF No. 9. Defendants then moved to dismiss Plaintiffs' First Amended Complaint. ECF No. 10. In response, Plaintiffs moved for leave to further amend their Complaint. ECF No. 14. Pending before this Court are Plaintiffs' Motion for Leave to Amend, ECF No. 14, and Defendants' Motion to Dismiss, ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). Because *res judicata* bars Plaintiffs' claims, rendering Plaintiffs' proposed amendments futile, Plaintiffs' Motion for Leave to File Second Amended Complaint will be denied, and Defendants' Motion to Dismiss will be granted.

## I. BACKGROUND[1]

In 2017, Plaintiff Pittman leased 5566 Lanier Ave, Suitland, Maryland ("the Property") from then owner Wayne Butcher. ECF No. 14-3 ¶ 7. Mr. Butcher's spouse, Ruth Butcher, died in 2011 and did not sign the lease, but her purported signature appears on it. *Id.* ¶¶ 8–9. Mr. Butcher allegedly believed that he needed to sign his wife's name on the lease because she was still on the Property's title. *Id.* ¶ 9–10. Pittman subleased the Property's basement to Plaintiff Alston. *Id.* ¶ 25.

While Plaintiffs were renting the Property, substitute trustees acting on Defendant Deutsche Bank's behalf foreclosed on the Property. *Id.* ¶ 28; *see also O'Sullivan vs. Butcher*, CAEF15-25591 (Cir. Ct. for Prince George's Cty. 2015); ECF No. 10-2. Deutsche Bank purchased the Property at a foreclosure sale. ECF No. 14-3 ¶ 29. Defendant Ocwen is the loan servicer for Deutsche Bank. *Id.* ¶ 5.

On March 5, 2018, the Circuit Court for Prince George's County ("Circuit Court") ratified the foreclosure sale. ECF No. 10-2 at 2. The substitute trustees conveyed title to the Property to Deutsche Bank by a Trustees' Deed dated March 16, 2018 and recorded in the land records of Prince George's County, Maryland at Liber 40704, Folio 357. ECF No. 10-3.

Deutsche Bank or Ocwen hired Defendant Altisource to manage the Property. ECF No. 14-3 ¶ 30. Altisource had representatives visit the Property on several occasions. *Id.* ¶ 32. On one occasion in or about April 2018, Altisource representatives removed Plaintiff Pittman's personal items and his dog from the Property while Pittman was running errands. *Id.* ¶¶ 33, 39. Altisource representatives also changed the locks, effectively locking Plaintiffs out of the Property. *Id.* ¶ 34.

---

[1] These background facts are taken from Plaintiffs' Proposed Second Amended Complaint, ECF No. 14-3, and are presumed to be true, except where flatly contradicted by documents attached to Defendants' Motion to Dismiss that are integral to the Complaint and authentic, *see Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Pittman filed a police report with the Prince George's County Police Department regarding the alleged trespass and theft. *Id.* ¶ 64. The police officer that processed Pittman's police report suggested that Pittman file a civil lawsuit over the theft. *Id.* ¶ 65.

On May 25, 2018, Deutsche Bank sent a demand for possession of the Property to "All Occupants" at the Property's address via certified mail. ECF No. 10-4 at 9. The demand letter noted that if any occupants were tenants they may have additional rights pursuant to Maryland Real Property Code Ann. § 7-105.6 and directed any such occupants to take certain steps to prove their tenant status. *Id.* Plaintiffs allege that "no one sent a letter about eviction and/or a letter explaining the tenants' rights to continue renting the Property." ECF No. 14-3 ¶ 29. Pittman also notified Altisource that he had a lease, and Altisource representatives indicated that Plaintiffs would soon be evicted. *Id.* ¶ 54.

On July 8, 2018, Deutsche Bank filed a Motion for Judgment Awarding Possession of the Property pursuant to Maryland Rule 14-102 within their foreclosure case. ECF No. 10-2 at 3; ECF No. 10-4. That motion acknowledged that some unknown persons continued to possess the Property and had failed to deliver possession. ECF No. 10-4 at 6. In a supporting affidavit, Deutsche Bank confirmed that it had sent the notice required under Maryland law to the Property address to provide any occupant who may have been "a bona fide tenant," a reasonable opportunity to provide it with evidence that he was entitled to tenant protections under Maryland Real Property Code Ann. § 7-105.6. *Id.* It received no response. *Id.* Deutsche Bank served notice of its motion for possession on occupants of the Property who they assumed were not already a party to the foreclosure suit. *Id.* Relying on Deutsche Bank's representations and arguments, the Circuit Court granted Deutsche Bank's motion for possession and entered an order awarding possession of the Property to the bank. *Id.* at 1.

Following the judgment awarding possession, on September 13, 2018, Deutsche Bank also filed a forcible entry and wrongful detainer complaint against Plaintiffs in the District Court for Prince George's County ("the District Court"), seeking possession of the Property, damages and costs. *See Deutsche Bank Nat'l Trust Co., as trustee vs. Brandon Pittman*, 0501-SP07308-2018 (Dist. Ct. for Prince George's Cty. 2018); ECF No. 10-5; ECF No. 14-3 ¶ 71. A few days in advance of trial, Alston filed a Motion to postpone, stating that he had not been occupying the Property for several months. ECF No. 10-6 at 2. Deutsche Bank then voluntarily dismissed Alston so that it could move forward with the trial against Pittman. *Id.* Neither Alston nor Pittman asserted any counterclaims. *See id.* After the trial, at which Plaintiffs did not appear, the District Court entered an Order in favor of Deutsche Bank and against Pittman. *Id.*

## II.     STANDARDS OF REVIEW

Plaintiffs seek leave to amend their Complaint. ECF No. 14. At this stage of the litigation, the parties may amend their pleadings "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are to "freely give leave when justice so requires," *id.*, "unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

An amendment would be futile if the amended complaint could not survive a motion to dismiss. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). If a plaintiff's claims are barred by the doctrines of *res judicata* or collateral estoppel, a complaint will not survive a motion to dismiss pursuant to Rule 12(b)(6). *Kalos v. Centennial Sur. Assocs., Inc.*, No. CCB-12-1532, 2012 WL 6210117 (D. Md. Dec. 12, 2012). While a court may review affirmative defenses such as *res judicata* when they are asserted in a Rule 12(b)(6)

motion to dismiss, such a motion should be granted only in the "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v. PraxAir, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). A movant cannot merely show that the elements of the defense appear on the face of the complaint or in properly considered documents but must also "show that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint." *Id.* at 466. In reviewing a motion to dismiss for failure to state a claim, the Court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## III. DISCUSSION

The Court's analysis of Plaintiffs' motion for leave to amend and Defendants' motion to dismiss merges as it considers whether Plaintiffs' proposed amendments would be futile because their claims are barred by *res judicata*.

After a "final judgment on the merits" is issued, *res judicata* "bars further claims by parties . . . based on the same cause of action." *Young–Henderson v. Spartanburg Area Mental Health Ctr.,* 945 F.2d 770, 773 (4th Cir.1991). Specifically, *res judicata* applies where 1) the parties in the present litigation are the same or in privity with the litigants in the earlier case; 2) the subsequent suit presents claims that were actually presented or should have been joined in the prior case; and 3) the prior case resulted in a valid final judgment on the merits rendered by a court of competent jurisdiction. *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). In a diversity jurisdiction case, as here, district courts apply the *res judicata* rules of the state court that rendered the prior judgment. *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 482 (1982). Thus, Maryland law applies here.

With respect to the first *res judicata* element, it is evident from the face of Plaintiffs' proposed amended Complaint and prior court records, which are integral to that Complaint, that the parties to the prior foreclosure suit and forcible entry suit were the same or in privity with the litigants in the present case. "For the purpose of the application of the rule of *res judicata,* the term 'parties' includes all persons who have a direct interest in the subject matter of the suit, and have a right to control the proceedings, make defense, examine witnesses, and appeal if an appeal lies." *Kim v. Council of Unit Owners for Collington Ctr. III Condo.*, 180 Md. App. 606, 617 (2008). Although Plaintiffs were not named parties in the foreclosure suit, they had a direct interest in Deutsche Bank's Motion for Judgment Awarding Possession of the Property, and pursuant to Maryland Rule 14-102, they had a right to make a defense to that motion, and had a right to appeal the Circuit Court's decision. If, as in the foreclosure suit, a movant's "right to possession arises from a foreclosure sale of a dwelling or residential property," Maryland Rule 14-102 requires that a motion for judgement awarding possession include

> averments, based on a reasonable inquiry into the occupancy status of the property and made to the best of the movant's knowledge, information, and belief, establishing either that the person in actual possession is not a bona fide tenant having rights under Code, Real Property Article, § 7-105.6 or, if the person in possession is such a bona fide tenant, that the notice required under these laws has been given and that the tenant has no further right to possession. If a notice pursuant to Code, Real Property Article, § 7-105.6 is required, the movant shall state the date the notice was given and attach a copy of the notice as an exhibit to the motion.

Md. R. Prop. Sales Rule 14-102. The Circuit Court determined that Deutsche Bank's motion included such averments. Deutsche Bank confirmed to the Circuit Court that it had sent the required notice to the Property to provide any occupants a reasonable opportunity to defend against its motion for possession. ECF No. 10-4 at 6. Thus, Plaintiffs here had a right in the foreclosure suit to establish that they were in possession of the Property and that they were bona

fide tenants having rights under Maryland Code, Real Property Article, § 7-105.6, meaning they were parties for *res judicata* purposes to the foreclosure suit. Although Plaintiffs claim that they did not receive notice of their rights, ECF No. 14-3 ¶ 29, the Circuit Court necessarily determined that the Property's occupants had received adequate notice when it granted Deutsche Bank's motion for possession.

Additionally, the Plaintiffs here were certainly parties to the forcible entry suit. Although Alston was ultimately dismissed from that suit, he had the opportunity to assert counterclaims before his dismissal and he was in privity with Pittman who remained a party. "Privity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 572–73 (D. Md. 2000). Because Alston's tenant status depended entirely on Pittman's status as a tenant given their sublease arrangement, Pittman and Alston's interests were essentially the same. Further, because Ocwen, Altisource, and Deutsche bank share a mutuality of interest with respect to the Property, they were in privity for *res judicata* purposes. *See, e.g., Young v. Ditech Fin., LLC*, No. CV PX 16-3986, 2017 WL 3066198, at *6 (D. Md. July 19, 2017) (finding noteholder, Substitute Trustees, and loan servicer were in privity for res judicata purposes). In sum, the first element of Defendants' *res judicata* defense is satisfied.

In regard to the second element, the claims presented here should have been asserted as counterclaims in the prior cases. So long as "the second suit arises out of the same transaction or series of transactions as the claim resolved by the prior judgment, the first suit will have preclusive effect." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (internal quotations omitted); *accord Kent Cty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987) (approving use of the "transaction" test to determine claim preclusion); *see also*

*Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 111–12, 887 A.2d 1029, 1040 (2005).

The claims asserted by Deutsche Bank in its motion for possession in the foreclosure suit and in its forcible entry suit arose out of Alston and Pittman's continued occupancy of the Property. The Circuit Court and the District Court had to consider whether the occupants were bona fide tenants and whether they had any possessory interest in the Property. So too here. To resolve Plaintiffs' claims, this Court would need to consider whether Plaintiffs were bona fide tenants and whether they had any possessory interest in the Property. Notably, the police officer who handled Pittman's police report regarding Defendant Altisource's alleged trespass on Deutsche Bank's behalf and the removal of Pittman's dog from the Property told Pittman that he should file suit. ECF No. 14-3 ¶ 65. After Pittman received this advice, he was served with Deutsche Bank's forcible entry suit in which he could have raised defenses and counterclaims related to the alleged trespass and theft of his dog. Taken together, Plaintiffs' claims arise out of the same transaction or series of transactions as the claims resolved by the prior judgments.

Finally, the prior cases resulted in valid final judgments on the merits and were rendered by a court of competent jurisdiction. "That the underlying judgment of possession was a default judgment . . . does not erode its *res judicata* effect in the case." *Kim v. Council of Unit Owners for Collington Ctr. III Condo.*, 180 Md. App. 606, 624–25 (2008) (citing *Morris v. Jones,* 329 U.S. 545, 550–551 (1947)). "A judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata,* in the absence of fraud or collusion, even if obtained upon a default.'" *Morris v. Jones,* 329 U.S. 545, 550–551 (1947); *see also* 18 *Moore's Federal Practice* § 131.30[3][d], at 131-106 (3d ed. 1997) (Moore) (for purposes of claim preclusion a default judgment is treated the same as any other valid final judgment). Plaintiffs have alleged no facts that show the prior judgements resulted from fraud. *See* ECF No. 14-3. Therefore, even

though Plaintiffs did not participate in the merits of the prior litigation, the prior judgments still constitute valid judgments. Further, the Circuit Court's order awarding possession in the foreclosure suit and the District Court's order awarding judgment to Deutsche Bank in the forcible entry suit were also final judgments. *Manigan v. Burson*, 160 Md. App. 114, 120 (2004) (citation omitted) ("The law is firmly established in Maryland that the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings.").

Because the prior valid final judgements resolved claims between the same parties and arising out of the same facts as the claims Plaintiffs seek to litigate here, Plaintiffs claims are barred by *res judicata* and any amendment to Plaintiffs' complaint would be futile. Thus, the Court will deny Plaintiffs' motion for leave to amend and grant Defendants' motion to dismiss.

## IV. CONCLUSION

For the following reasons Plaintiffs' Motion for Leave to Amend is denied and Defendants' Motion to Dismiss is granted. A separate Order shall issue.

Date: <u>August 5, 2019</u>  /s/_____
GEORGE J. HAZEL
United States District Judge