**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **BRANDON PITTMAN**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: GJH-18-02425 |
| **DEUTSCHE BANK NAT'L TRUST CO.**, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In their First Amended Complaint, *pro se* Plaintiffs, Brandon Pittman and Thomas Alston, alleged that Defendants Deutsche Bank National Trust Co., Ocwen Loan Servicing, LLC, and Altisource Solutions, Inc. wrongfully evicted Plaintiffs from a leased property in violation of various Maryland laws, trespassed on the leased property, unlawfully removed Pittman's personal property from the leased property, and breached Pittman's lease agreement. ECF No. 9. On August 5, 2019, this Court issued a Memorandum Opinion and Order denying Plaintiffs' Motion for Leave to Amend and granting Defendants' Motion to Dismiss. ECF Nos. 21 & 22. Pending before the Court now is Plaintiffs' Motion to Alter or Amend the August 5, 2019 Order pursuant to Fed. R. Civ. P. 59(e). ECF No. 23. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiffs' Motion to Alter or Amend is denied.

**I.     BACKGROUND[1]**

The background facts of this action were fully set forth in this Court's Memorandum Opinion of August 5, 2019. ECF No. 21.

To summarize as relevant here, Pittman leased 5566 Lanier Ave, Suitland, Maryland ("the Property) from Wayne Butcher and subsequently subleased the Property's basement to Alston. ECF No. 9 ¶¶ 7, 16–18. While Plaintiffs were renting the Property, substitute trustees acting on Deutsche Bank's behalf foreclosed on the Property and Deutsche Bank purchased the Property at a foreclosure sale. *Id.* ¶ 19–20; *see also O'Sullivan vs. Butcher*, CAEF15-25591 (Cir. Ct. for Prince George's Cty. 2015); ECF No. 10-2. The Circuit Court for Prince George's County ("Circuit Court") ratified the foreclosure sale, ECF No. 10-2 at 2,[2] title was conveyed to Deutsche Bank and recorded, ECF No. 10-3, and Deutsche Bank filed a Motion for Judgment Awarding Possession of the Property ("Motion for Possession") pursuant to Maryland Rule 14-102, ECF No. 10-2 at 3; ECF No. 10-4. The Circuit Court granted Deutsche Bank's Motion for Possession. ECF No. 10-4 at 1. Following that order, Deutsche Bank filed a forcible entry and wrongful detainer complaint against the Plaintiffs in the District Court for Prince George's County ("the District Court"). *See Deutsche Bank Nat'l Trust Co., as trustee vs. Brandon Pittman*, 0501-SP07308-2018 (Dist. Ct. for Prince George's Cty. 2018); ECF No. 10-6. Deutsche Bank voluntarily dismissed its Complaint as to Alston but proceeded against Pittman. ECF No. 10-6. After the trial, at which Plaintiffs did not appear, the District Court entered an order in favor of Deutsche Bank and against Pittman. *Id.*

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and are presumed to be true.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Plaintiffs brought this action against Defendants Deutsche Bank National Trust Co., Ocwen Loan Servicing, LLC, and Altisource Solutions, Inc., alleging that, sometime between the foreclosure sale and the Motion for Possession, representatives of Defendant Altisource, Inc. visited the Property without notice, trespassed on the Property, took Pittman's personal property, and locked Plaintiffs out of the Property. ECF No. 9. Plaintiffs' First Amended Complaint brings claims for wrongful eviction under various Maryland state laws, trespass, conversion, and breach of contract. *Id.*

On August 5, 2019, this Court denied Plaintiffs' Motion for Leave to File a Second Amended Complaint, granted Defendants' Motion to Dismiss, and directed the clerk to close the case. ECF No. 21 & 22. This Court explained that Plaintiffs' claims were barred by *res judicata* and any amendment to Plaintiffs' complaint would be futile. ECF No. 21 at 9. On September 3, 2019, Plaintiff filed the present Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asking this Court to reconsider its August 5, 2019 Memorandum Opinion and Order. ECF No. 23.

## II. DISCUSSION

Rule 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *United States ex rel. Becker v. Westinghouse Savannah*

*River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (citation omitted); *see also Kelly v. Simpson*, No. CV RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). "[M]ere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Such limitations on Rule 59(e) motions are necessary because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the [C]ourt—not to mention its patience.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). "[G]ranting a motion for reconsideration is an extraordinary remedy, which should be used sparingly." *Sullivan v. Washington Metro. Transit Auth.*, No. 8:19-cv-00300-GLS, 2020 WL 5500185, at *2 (D. Md. Sept. 11, 2020).

Plaintiffs base their Motion to Alter or Amend on the premise that there has been a clear error of law. ECF No. 23. First, Plaintiffs argue that this Court incorrectly determined that the first element of *res judicata*—the parties in the present litigation are the same or in privity with the litigants in the earlier case, *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004)—is satisfied. Plaintiffs claim that they were neither parties to the Motion for Possession nor in privity with a party to such motion because the defendant borrowers in that motion "did not even appear in the foreclosure action to protect their own rights" and thus "the foreclosure action [is] considered an *in rem* action" and preclusion is not appropriate. ECF No. 23 at 2–4. Second, Plaintiffs argue that their claims were neither presented nor required to be presented in

4

the Motion for Possession and the forcible entry suit and thus this Court was also incorrect in finding that the second element of *res judicata*—the subsequent suit presents claims that were actually presented or should have been joined in the prior case, *Pueschel*, 369 F.3d at 354–55—is satisfied. Plaintiffs base this argument on a belief that the Circuit and District courts only found that the Plaintiffs had no further right to possession, rather than finding that the Plaintiffs never had a right to possess the property. ECF No. 23 at 4–8.

Both of Plaintiffs' arguments fall for the same reason. "Clear error or manifest injustice occurs where a court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension…." *Wagner v. Warden*, No. CV ELH-14-791, 2016 WL 1169937, at *3 (D. Md. Mar. 24, 2016) (internal quotation marks omitted). "[M]ere disagreement with the Court's previous decision will not suffice." *June v. Thomasson*, No. CV GLR-14-2450, 2016 WL 7374432, at *2 (D. Md. Dec. 20, 2016). Nor is it enough for the prior judgment to be "just maybe or probably wrong[.]" *Id.* (internal quotation marks omitted). Rather, this Court will only grant a Rule 59(e) motion to alter or amend a judgment based on a clear error of law when the prior judgment "strike[s] the court as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id.* (internal quotation marks omitted) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). The Court's previous decision must be "dead wrong." *Id.*

Plaintiffs' disagreements with this Court's finding that the first two elements of *res judicata* are satisfied does not warrant the "extraordinary" relief provided in Rule 59(e). Plaintiffs could have raised the legal arguments outlined in their Motion to Alter or Amend prior to the August 5, 2019 Order, but did not. This Court has already considered the respective

5

parties' positions, reviewed the alleged facts and legal arguments, and determined that Defendants' Motion to Dismiss should be granted.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend pursuant to Fed. R. Civ. P. 59(e) is denied. A separate Order shall issue.

Date: <u>September     28, 2020</u>                  <u>     /s/                                         </u>
                                                                     GEORGE J. HAZEL
                                                                     United States District Judge